| RATTET, PASTERNAK & GORDON-OLIVER, LLP | *Hearing Date: March 23, 2010* |
|---|---|
| Proposed Attorneys for the Debtor | *Hearing Time: 10:00 a.m.* |
| 550 Mamaroneck Avenue | |
| Harrison, New York 10528 | |
| (914) 381-7400 | |

JONATHAN S. PASTERNAK, ESQ.
JULIE A. CVEK, ESQ.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:

                                                                                      Chapter 11

WHITE PLAINS RD. REALTY CORP,         Case No. 10-10803-jmp

                      Debtor.
---------------------------------------------------------------X

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING
DEBTOR'S USE OF CASH COLLATERAL PURSUANT TO 11
U.S.C. § 363 AND PROVIDING ADEQUATE PROTECTION
THEREFOR PURSUANT TO 11 U.S.C. §§ 361 AND 362**

      White Plains Rd. Realty Corp., the above captioned debtor and debtor-in-possession (the "Debtor"), by its attorneys, Rattet, Pasternak & Gordon-Oliver, LLP, file this motion (the "Motion") for entry of an Order Authorizing Debtor's Use of Cash Collateral Pursuant to 11 U.S.C. §363 and Providing Adequate Protection Therefor Pursuant to 11 U.S.C. §§361 and 362, respectfully state and represent as follows:

**Jurisdiction**

      1.     This Court has jurisdiction over this Motion under 28 U.S.C. §§ 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these proceedings and this Motion is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

      2.     The statutory bases for the relief requested herein are §§ 105(a), 361, 362 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), and

1

Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Background**

3. On February 18, 2010, (the "Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor has continued in possession of its property and the management of its business affairs as debtors-in-possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or statutory committee has been appointed.

4. The Debtor is a single asset real estate entity that owns and operates a commercial building located at 4619-4633 White Plains Road, Bronx, New York (the "Property"). The Property has an approximate fair market value of $1,595,000.00 and has a first priority secured mortgage in the approximate amount of $210,000 USA Realty Corp. ("USA Realty") and a second priority mortgage claim against the Property in the amount of $650,000.00 held by BNH III, LLC ("BNH").

5. Over the past three years, the Debtor encountered dramatic and unanticipated operating losses caused by the country's worsening economy. Due to the lack of rental income from the commercial rental spaces, the Debtor experienced cash flow shortages thereby rendering the Debtor unable to remain current and become in default on the monthly mortgage payments to Greenpoint. Greenpoint heretofore commenced foreclosure proceeding in the Supreme Court of the State of New York, Kings County, encaptioned *Greenpoint Mortgage vs. White Plains Rd. Realty,* Index No. 08/382001 (the "Foreclosure Action").

6. With the assistance of this Court, the Debtor is confident that it will be able to efficiently workout its debts while maximizing the value of the Property for the benefit of its creditors.

## The Pre-Petition Secured Debt

7. The Property is subject to a first priority secured mortgage held by U.S.A. Realty Corp. ("USA Realty") by virtue of a note and mortgage dated April 30, 2002 (the "USA Mortgage") in a single first lien in the principal amount of $210,000.00.

8. As of the Filing Date, the Debtor and USA Realty agree and acknowledge that the Debtor is indebted to USA Realty in the approximate principal sum of $210,000.00, together with claimed interest, default interest, prepayment fees, late charges and attorneys fees incurred.

9. The Debtor agrees and acknowledges that USA Realty holds a valid, perfected and enforceable first priority blanket lien on and security interest in the Property (the "Pre-Petition USA Realty Collateral"), which Pre-Petition USA Realty Collateral secures USA Realty's claims, pursuant to and in accordance with the USA Realty Mortgages.

10. The Debtor agrees and acknowledges that USA Realty has properly perfected its first priority liens and security interests in the Pre-Petition USA Realty Collateral by virtue of the filing and recording of a Mortgage and that its liens in the Pre-Petition USA Realty Collateral are duly perfected, valid, existing, and legally enforceable.

11. The Property is also subject to a second priority secured mortgage held by BNH III, LLC by virtue of a Mortgage, Assignment of Rents and Security Agreement dated June 20, 2007 (the "BNH Mortgage") in a single, second priority mortgage in the principal amount of $635,000.00, by virtue of an Assignment of Mortgage dated November 16, 2009.

12. As of the Filing Date, BNH is likely to assert that the Debtor is indebted to BNH in the approximate principal sum of $650,000.00, together with claimed interest, default interest, prepayment fees, late charges and attorneys fees incurred.

13. BNH is likely to assert that it holds a valid, perfected and enforceable second

priority blanket lien on and security interest in all or substantially all the Debtor's assets and proceeds therefrom including but not limited to the Property and all rents and accounts collected or generated therefrom (collectively, the "Pre-Petition BNH Collateral"), which Pre-Petition BNH Collateral secures BNH's claims, pursuant to and in accordance with the BNH Mortgage.

14. BNH is likely to assert that it has properly perfected its second priority liens and security interests in the Pre-Petition BNH Collateral by virtue of the filing and recording of a Mortgage and that its liens in the Pre-Petition BNH Collateral are duly perfected, valid, existing, and legally enforceable.

15. Further, BNH is likely to assert that all cash equivalents, whether in the form of cash, rents, accounts generated therefrom, security deposits, deposit accounts, or in any other form, whenever acquired, which represent income, proceeds, products, rents, or profits of the Pre-Petition BNH Collateral that are now in the possession, custody or control of the Debtor (or persons in privity with the Debtor), or in which the Debtor will obtain an interest during the pendency of the Chapter 11 Case, are and shall be treated as the "cash collateral" in which BNH has asserted a security interest for the purposes, and within the meaning, of Bankruptcy Code § 363(a) (collectively, the "Cash Collateral") and BNH has a second priority perfected liens and security interests in the Cash Collateral pursuant to the applicable provisions of the BNH Mortgage and in accordance with Bankruptcy Code §§ 361, 363(a) and 552(b)

**Relief Requested**

16. The Debtor submits this Motion pursuant to Bankruptcy Code §363(c)(2)(B) and 361 and Bankruptcy Rule 4001(b) with respect to the Debtor's request for authority to use property which may constitute Cash Collateral in which BNH has asserted a security interest in said Cash Collateral, substantially in accordance with the terms and conditions set forth in the

proposed Order (the "Order") annexed hereto as **Exhibit "A"**. The Debtor believes that BNH is the only party that may have a perfected security interest in the Debtor's Property which may constitute Cash Collateral.

17. The proposed Order grants the Debtor the authority to use Cash Collateral pursuant to Bankruptcy Code §§363 (c)(1) and (2) and Bankruptcy Rule 4001(c) to the extent necessary to continue the operation of its business and to preserve the value of its estate during the course of the Chapter 11 case.

18. Section 363(a) of the Bankruptcy Code states as follows:

> "In this section, "cash collateral" means cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of properties subject to a security interest as provided in Section 552(b) of this title, whether existing before or after the commencement of a case under this title."

19. Section 363(c)(1) of the Bankruptcy Code provides as follows:

> "(c)(1) If the business of the debtor is authorized to be operated under section 721, 1108, 1304, 1203, or 1204 of this title and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing".

20. Section 363(d) of the Bankruptcy Code provides as follows:

> "(d) The trustee may use, sell, or lease property under subsection (b) or (c) of this section only to the extent not inconsistent with any relief granted under section 362(c), 362(e), or 362(f) of this title".

21. Accordingly, pursuant to § 363(c)(2) of the Bankruptcy Code, the consent of BNH or authority from this Court is required to use Cash Collateral in which BNH holds a perfected security interests.

**Adequate Protection**

22.     The purpose of adequate protection is to ensure that the secured creditor receives the value for which it bargained pre-bankruptcy. In re Swedeland Development Group, Inc., 16 F.3d 552 (3rd Cir. 1994); In re Dunes Casino Hotel, 69 B.R. 784, 793 (Bankr, D.N.J. 1986), citing In re Coors of the Cumberland, 19 B.R. 313 (Bankr. M.D. Tenn. 1982). See also, In re 495 Central Park Ave. Corp., 136 B.R. 626 (Bankr. S.D.N.Y. 1992). Adequate protection is designed to safeguard the secured creditor from diminution in the value of its interest during the Chapter 11 reorganization. In re Nice, 355 B.R. 554, 563 (Bankr. N.D. Va. 2006) ("adequate protection is solely a function of preserving the value of the creditor's secured claim as of the petition date due to a debtor's continued use of the collateral").

23.     Because the term "adequate protection" is not defined in the Bankruptcy Code, the precise contours of the concept are necessarily determined on a case-by-case basis. MBank Dallas, N.A. v. O'Connor (In re O'Connor), 808 F.2d 1393 (10th Cir. 1987). In re Snowshoe Co., 789 F.2d 1085, 1088 (4th Cir. 1086); In re Mosello, 195 B.R. 277, 289 (Bankr. S.D.N.Y. 1996); In re Beker Industries Corp., 58 B.R. 725 (Bankr. S.D.N.Y. 1986); see also In re JKJ Chevrolet, Inc. 190 B.R. 542, 545 (Bankr. E.D.Va. 1995) (adequate protection is a flexible concept that is determined by considering the facts of each case).

24.     The Order provides that, as adequate protection for the Debtor's use of BNH's Cash Collateral and in consideration for the use of the Cash Collateral, the Debtor shall grant BNH a replacement lien in all of the Debtor's pre-petition and post-petition assets and proceeds, including the Cash Collateral and the proceeds of the foregoing, to the extent that BNH had a valid security interest in said pre-petition assets on the Filing Date and in the continuing order of priority that existed as of the Filing Date (the "Replacement Liens").

25. The Replacement Liens shall be subject and subordinate to: (a) fees payable under 28 U.S.C. Section 1930 and 31 U.S.C Section 3717; (b) professional fees of duly retained professionals in this Chapter 11 case as may be awarded pursuant to Sections 330 or 331 of the Code or pursuant to any monthly fee order entered in the Debtor's Chapter 11 case; (c) the fees and expenses of a hypothetical Chapter 7 trustee to the extent of $10,000; and (d) the recovery of funds or proceeds from the successful prosecution of avoidance actions pursuant to sections 502(d), 544, 545, 547, 548, 549, 550 or 553 ("Avoidance Actions") of the Bankruptcy Code (collectively, the "Carve-Outs").

26. The Debtor submits that, in order to preserve the Debtor's estate and ensure the viability of the Debtor during the Chapter 11 case, BNH should be granted a replacement lien with the same nature, extent and validity of its pre-petition lien, subject to investigation by any creditors or committee appointed in the Debtor's Chapter 11 case.

27. The Debtor believes that BNH is substantially oversecured in light of the current equity cushion, or value of the Property being well in excess of the debt owed to BNH. BNH is therefore entitled to accrue post-petition interest and reasonable fees pursuant to § 507(b) of the Bankruptcy Code.

28. In addition to the liens and security interests proposed to be granted pursuant hereto, the Debtor shall make, no later than the tenth (10th) day of each month covered hereunder, monthly payments to BNH as set forth in the BNH Mortgage, at the contract rate of interest.

**The Budget**

29. The Debtor proposes to use Cash Collateral only for ordinary and necessary operating expenses of the Property substantially in accordance with the operating budget

annexed hereto as **Exhibit "B"** (the "Budget"). The Debtor believes that the Budget includes all reasonable, necessary and foreseeable expenses to be incurred in the ordinary course of operating, managing and maintaining the Property for the period set forth in the Budget. The Debtor believes that the use of Cash Collateral in accordance with the Budget will provide the Debtor with adequate liquidity to pay administrative expenses as they become due and payable during the period covered by the Budget.

### Request For Waiver Of Stay

30. The Debtor further seeks a waiver of the stay of the effectiveness of the Order that may be imposed by any applicable Bankruptcy Rule. As set forth above, the use of Cash Collateral is essential to prevent potentially irreparable damage to the Debtor's operations, value and ability to reorganize. Accordingly, the Debtor submits that sufficient cause exists to justify a waiver of any stay imposed by the Bankruptcy Rules, to the extent applicable.

### Notice

31. This Motion is being served on notice to BNH and all other parties asserting secured claims against the Debtor, as well as the United States Trustee and all other parties entitled to notice pursuant to Bankruptcy Rule 4001(d), including but not limited to the Debtor's twenty (20) largest unsecured creditors.

### Waiver Of Memorandum Of Law

32. The Debtor respectfully requests that the Court dispense with the requirement under Rule 9013-1 of the Local Rules of the Bankruptcy Court for the Southern District of New York, of filing a Memorandum of Law in connection with this Motion, in that there are no novel or difficult legal issues presented in the motion and the Motion includes citations to applicable

authority.

**WHEREFORE**, the Debtor respectfully requests entry of the Order, together with such other and further relief as is just and proper under the circumstances.

Dated: Harrison, New York
March 9, 2010

>Respectfully submitted,
>
>RATTET, PASTERNAK & GORDON-OLIVER, LLP
>Attorneys for the Debtor
>550 Mamaroneck Avenue
>Harrison, New York 10528
>(914) 381-7400
>
>By: */s/ Julie A. Cvek*
>　　　Julie A. Cvek